IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CASEY MARK BURGESS**                                                          **PETITIONER**

v.                                                       **CIVIL ACTION NO. 3:18-CV-360-DPJ-JCG**

**PELICIA HALL, COMMISSIONER,**                                             **RESPONDENT**
**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254[1] for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Casey Mark Burgess. The Petition challenges Burgess' 2013 conviction for attempted kidnapping and aggravated assault. Respondent Pelicia Hall has filed a Motion to Dismiss (ECF No. 5), alleging that Burgess' Petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Burgess' Petition is barred by the one-year statute of limitations and recommends that Respondent's Motion to Dismiss be granted and Petitioner's request for relief pursuant to 28 U.S.C. § 2254 be denied.

### I. BACKGROUND

Burgess is a postconviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Rankin County, Mississippi, Burgess was convicted of attempted kidnapping and aggravated assault

---

[1] Burgess states that the "jurisdiction of this [C]ourt is invoked pursuant to 28 U.S.C. [§] 2241, et seq." (ECF No. 1); however, it is clear that Burgess' Petition falls under section 2254 specifically.

on June 19, 2013. He was sentenced to ten years for attempted kidnapping and twenty years for aggravated assault, with sentences to run concurrently to each other, but consecutively to his prior sentences for sexual battery.[2] Burgess appealed, but the Mississippi Court of Appeals affirmed his conviction. *Burgess v. State*, 210 So. 3d 569 (Miss. Ct. App. 2016).

Burgess raised five issues during his state appeal: (1) whether evidence of his prior convictions for sexual battery should have been excluded and whether he should have been allowed to testify about his intent to appeal those convictions; (2) whether the trial court should have granted his motion for a mistrial after an officer testified that Burgess had been interviewed about an assault on his wife; (3) whether the trial court should have admitted Burgess' cellphone records; (4) whether the trial court should have refused to give an "'acquit first' lesser-included-offense instruction;" and (5) whether he was denied his right to a fair and impartial jury when the trial court refused to strike a juror for cause, resulting in Burgess' use of his final peremptory challenge. *Burgess*, 210 So. 3d at 574-78.

The Mississippi Court of Appeals found each of these issues to be without merit, affirmed his conviction, and denied his Motion for Rehearing. The Mississippi Supreme Court denied Burgess' Petition for Writ of Certiorari on February 9, 2017, and Burgess did not file a petition before the United States Supreme Court (ECF Nos. 1, 5, & 8).

---

[2] On April 11, 2013, Burgess was convicted of three counts of sexual battery against his wife and was sentenced to thirty years on each count, with sentences to run concurrently. Burgess' habeas petition concerning that conviction was recently dismissed. *Burgess v. Fisher*, Civil Action No. 3:16-cv-914-WHB-JCG (S.D. Miss. Dec. 19, 2018).

On May 31, 2018, Burgess filed the instant 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, in which he raises five grounds for relief: (1) the trial court improperly applied Mississippi Rule of Evidence 609 in admitting evidence of his prior convictions and refusing to allow Burgess to testify that he intended to appeal those convictions; (2) the trial court should have granted his motion for a mistrial after a law enforcement officer testified that Burgess had been interviewed about an assault on his wife, as the limiting instruction did not cure the prejudice; (3) his phone records should have been admitted to show that he was not merely loitering in the area, particularly because the trial judge gave no reason for refusing to admit them; (4) the State's acquit first instruction should not have been given over his objection; and (5) the trial court improperly denied his for cause challenge of a venire member, thus requiring him to use his final peremptory challenge (ECF No. 1).

Respondent filed a Motion to Dismiss (ECF No. 5) on July 19, 2018, alleging that Burgess' Petition for Writ of Habeas Corpus is barred by the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified at 28 U.S.C. § 2244(d). Respondent maintains that Burgess' "conviction and sentence became final on Wednesday, May 10, 2017, which is ninety (90) days after his Petition for Writ of Certiorari was denied on February 9, 2017 by the Mississippi Supreme Court." Therefore, because Burgess did not file this Petition until May 31, 2018 and because he did not present any circumstances warranting equitable tolling, Respondent argues that his Petition must be dismissed. In response (ECF

3

No. 8), Burgess argues that under Mississippi law, the judgment did not become final until ninety days after the Mississippi Supreme Court issued its mandate on March 2, 2017. Therefore, he argues that his Petition was not due until May 31, 2018. In the alternative, he argues that the Court "should consider this matter subject to equitable tolling principles." He does not provide any additional argument in support of his position on tolling. In reply (ECF No. 9), Respondent argues that the finality of a conviction under state law has no effect on finality under 28 U.S.C. § 2244(d). Additionally, Respondent argues that Burgess has not demonstrated any rare and exceptional circumstances warranting equitable tolling.

## II. DISCUSSION

### A. Standard of Review

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B. <u>Analysis</u>

Unless one of the narrow exceptions in 28 U.S.C. § 2244(d)(1)(B)-(D) apply, AEDPA requires that a federal habeas corpus petition be filed within one year of the date a petitioner's judgment of conviction becomes final, subject to statutory tolling for the period during which a properly filed motion for postconviction relief is pending in state court. *See generally Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The exceptions are not at issue here; therefore, the only question for the Court to resolve is when Burgess' conviction became final for purposes of AEDPA.

Ultimately, "federal law controls when a state conviction becomes final for purposes of section 2244(d)(1)(A)." *Caldwell v. Dretke*, 429 F.3d 521, 529 (5th Cir. 2005) (citing *Roberts*, 319 F.3d at 694). The parties do not dispute that the Mississippi Supreme Court denied Burgess' Petition for Writ of Certiorari on February 9, 2017, nor do they dispute that he did not petition the United States

Supreme Court (ECF Nos. 5 & 8). When a petitioner does not file a petition for writ of certiorari with the United States Supreme Court, the judgement becomes final ninety days "following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. The "issuance of the mandate by the state court of appeals is of no consequence . . . ." *Id.* at 695. The judgment in Burgess' state case became final on May 10, 2017; therefore, his Petition for Writ of Habeas Corpus was due on or before May 10, 2018.

Even though Burgess filed his petition three weeks late, he alleges that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is available only in "rare and exceptional circumstances." *Felder v. Johnson,* 204 F.3d 168, 170-71 (5th Cir. 2000). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir. 2006) (citing *Felder,* 204 F.3d at 174). The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder,* 204 F.3d at 171 (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). "As a consequence, neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain,* 722 F.3d 312, 317 (5th

Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). Burgess merely asserts that he "was not dilatory" in filing his Petition. He has not demonstrated any rare or exceptional circumstances, and he is not entitled to equitable tolling.

### III. RECOMMENDATION

Based on the above analysis, the undersigned recommends that Respondent's Motion to Dismiss be granted and Casey Mark Burgess' Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus be denied.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion

7

adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of January, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE